Kenneth P. Silverman, Esq.,
The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                             Chapter 7
                                                                         Case No: 22-73334 (REG)
PATRICK FEASER,

                                      Debtor.
---------------------------------------------------------x

## APPLICATION APPROVING EMPLOYMENT OF
## <u>SILVERMANACAMPORA LLP AS ATTORNEYS FOR THE TRUSTEE</u>

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "<u>Trustee</u>") of the estate of Patrick Feaser (the "<u>Debtor</u>"), by this application, seeks the entry of an order of this Court approving the employment of SilvermanAcampora LLP ("<u>SilvermanAcampora</u>") as attorneys for the Trustee, and respectfully represents and states as follows:

1. On November 28, 2022 (the "<u>Filing Date</u>"), the Debtor filed a voluntary petition (the "<u>Petition</u>") for relief in accordance with chapter 7 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Eastern District of New York (the "<u>Bankruptcy Court</u>") [ECF No. 1].

2. Thereafter, Kenneth P. Silverman was appointed the interim chapter 7 trustee, has since duly qualified and is the permanent trustee of this case.

3. Based upon a review of the Debtor's bankruptcy petition and schedules and his testimony at the 341(a) First Meeting of Creditors, the Trustee learned, among other things, that the Debtor is a plaintiff in a pending state court action resulting from a car accident wherein the Debtor was a pedestrian, which occurred on December 15, 2020 (the "<u>Action</u>"). The Trustee intends to ascertain the details surrounding the Action and to liquidate the Debtor's interest in the Action on behalf of the estate.

4. The Trustee believes that it is now necessary to employ counsel for the Trustee in this case to, among other things: (i) further investigate the Debtor's financial affairs; (ii) liquidate the estate's interest in the Action; and (iii) to assist in the orderly administration of this estate, including preparing the necessary motions, applications, orders, and other legal documents that may be required under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure in furtherance of the Trustee's duties (collectively, the "Services").

5. Accordingly, the Trustee requests that SilvermanAcampora be employed as his attorneys effective as of February 1, 2023. The Trustee believes that SilvermanAcampora is well qualified to act as his attorneys and to represent him as the Trustee in this case.

6. In addition to the Services, SilvermanAcampora may render other professional services and perform all other legal services for the Trustee, which may be necessary in connection with the Trustee's administration of the Debtor's estate, including but not limited to, the Trustee's attempts to recover and liquidate the assets of this estate.

7. To the best of the Trustee's knowledge, SilvermanAcampora has no connection with the Debtor's creditors or any other party in interest or their respective attorneys, except as set forth in the attached declaration of Brian Powers, Esq. (the "Declaration"), a member of SilvermanAcampora. Additionally, SilvermanAcampora represents no interest adverse to the Debtor or this estate, or any other interested person in the matters with respect to which SilvermanAcampora is being employed by the Trustee, except as set forth in the Declaration.

8. Furthermore, SilvermanAcampora is a "disinterested person" as that term is defined in §101(14) of the Code and that said firm:

    (a)    is not a creditor, equity security holder, or insider;

2851313v1 / 010000.1734 / LST

2

(b) is not and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and

(c) does not have an interest materially adverse to the interest of this estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

9. Based on the foregoing, the Trustee submits that the retention of SilvermanAcampora, as of February 1, 2023, is not only necessary but also in the best interest of this estate.

10. No prior application for relief sought herein has been previously made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests for the entry of the annexed order authorizing the employment of SilvermanAcampora LLP, as of February 1, 2023, and that this Court grant such other and further relief as may be deemed just and proper.

Dated: Jericho, New York
      March 28, 2023

                          Kenneth P. Silverman, Esq.,
                          The Chapter 7 Trustee of the
                          Estate of Patrick Feaser

                          *s/ Kenneth P. Silverman*
                          Kenneth P. Silverman

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                                                          Chapter 7
                                                                                                               Case No: 22-73334 (REG)
PATRICK FEASER,

                                        Debtor.
----------------------------------------------------------x

### DECLARATION IN SUPPORT OF APPLICATION APPROVING RETENTION OF SILVERMANACAMPORA LLP, AS ATTORNEYS FOR THE TRUSTEE

Brian Powers, Esq., pursuant to 28 U.S.C. §1746, declares under penalty of perjury:

1. I am a member of the firm of SilvermanAcampora LLP ("SilvermanAcampora") of 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753. I have been duly admitted to practice law before this Court.

2. I submit this declaration (the "Declaration") in support of the application (the "Application") of Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") of the estate of Patrick Feaser (the "Debtor") for an order authorizing the retention of SilvermanAcampora as attorneys for the Trustee, effective as of February 1, 2023, pursuant to section 327(a), title 11 United States Code (the "Bankruptcy Code"), and to provide the disclosures required under Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**SilvermanAcampora's Qualifications**

3. SilvermanAcampora has developed vast experience in representing trustees, debtors, committees, and other parties in this Court and in Bankruptcy Courts in other jurisdictions. SilvermanAcampora's experience and expertise includes bankruptcy, reorganizations, and liquidations, and also includes commercial litigation, real estate and corporate law. Accordingly, SilvermanAcampora is well qualified to represent the Trustee in this case.

**Disinterestedness**

4. In preparing this Declaration, attorneys and employees of SilvermanAcampora

compared creditor and interested party information obtained from the Trustee and the Debtor's petition to SilvermanAcampora's database of present and former clients and adverse parties. In the event SilvermanAcampora receives additional information regarding additional creditors and interested parties, I will update the disclosures contained herein in a supplemental affidavit to the extent necessary.

5. The database maintained by SilvermanAcampora includes every matter in which the firm is now or has been engaged over at least the past five years, and in each instance, the identity of related parties and adverse parties. It is the policy of SilvermanAcampora that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the database the information necessary to check each new matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.

6. Insofar as I have been able to ascertain, neither SilvermanAcampora nor its partners, counsel or associates have any connection with the Debtor, its creditors, or any other party in interest in the Debtor's case, their respective attorneys and advisors, the Court or anyone employed in the Court's chambers, the United States Trustee, or any person employed in the Office of the United States Trustee (the "U.S. Trustee").

7. SilvermanAcampora has not received a retainer from the Trustee which will be applied to its fees and expenses incurred in this case. SilvermanAcampora understands that it will receive compensation and reimbursement of expenses in this case only after filing applications, upon appropriate notice, in accordance with Bankruptcy Code §§330 and 331.

8. Neither SilvermanAcampora, nor its partners, counsel, or associates, have received or been promised compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.

9. Neither SilvermanAcampora, nor its partners, counsel, or associates, have agreed to share with any entity any compensation received by SilvermanAcampora in this case other than in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

10. SilvermanAcampora does not represent, and will not represent, any creditors or any other party in interest in any matter adverse to the Debtor.

11. Neither SilvermanAcampora nor I represent or hold any interest adverse to the Debtor in the matters upon which SilvermanAcampora is to be engaged.

12. SilvermanAcampora is a "disinterested person" as that term is defined in Bankruptcy Code §101(14), in that SilvermanAcampora:

   a. is not a creditor, an equity security holder or insider of the Debtor;

   b. is not and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and

   c. does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

13. The Trustee has been advised, subject to periodic adjustment, that the hourly rate for various attorneys and paraprofessionals who will be rendering services on behalf of the Trustee ranges from One Hundred Seventy-Five and 00/100 ($175.00) Dollars to Seven Hundred Seventy-Five and 00/100 ($775.00) Dollars per hour.

14. If SilvermanAcampora raises its hourly rates during the pendency of this case, SilvermanAcampora will inform, in writing, the U.S. Trustee and the Court of the new rates.

15. SilvermanAcampora customarily bills clients for expenses related to the rendition

of services, including without limitation, photocopies, faxes, overnight delivery services, courier services, research services and transportation expenses.

                                                                              <u>s/ Brian Powers</u>
                                                                              Brian Powers